**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEVIN ROBINSON,

       Petitioner - Appellant,

vs.

BRENT CROUSE, Warden, Crowley
County Correctional Facility; R. O.
LAMPERT, Director, Wyoming
Department of Corrections; PATRICK
CRANK, Wyoming Attorney General,

       Respondents - Appellees.

No. 05-8086
(D.C. No. 04-CV-74-B)
(D. Wyo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MCKAY**, and **LUCERO**, Circuit Judges.

Petitioner-Appellant Kevin Robinson, a state inmate, seeks a certificate of

appealability (COA) allowing him to appeal the district court's denial of his

petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Robinson

has failed to make "a substantial showing of the denial of a constitutional right"

as required by 28 U.S.C. § 2253(c)(2), and accordingly, we deny his request and

dismiss the appeal.

Mr. Robinson was convicted by a jury in Wyoming state court of voluntary

manslaughter and soliciting a minor to engage in illicit sexual relations, following the death of a fifteen year-old girl, who was allegedly his girlfriend, and was one-month pregnant at the time. Mr. Robinson was sentenced to a combined term of twenty-two to twenty-nine years imprisonment. Mr. Robinson filed a direct appeal, but his conviction was affirmed. Robinson v. State, 11 P.3d 361 (Wyo. 2000). Mr. Robinson filed a motion for a new trial, but that was also ultimately denied. Robinson v. State, 64 P.3d 743 (Wyo. 2003).

On appeal, Mr. Robinson raises five arguments: (1) a COA should issue because there have been "substantial violations" of his constitutional rights and the district court's assessment of his claims was debatable or wrong; (2) his conviction was obtained through hearsay admitted in violation of his Confrontation Clause rights; (3) his incarceration was a violation of his right to effective assistance of counsel at trial; (4) his incarceration was a violation of his right to effective assistance of counsel on his motion for a new trial; and (5) his conviction is in violation of clearly established Supreme Court precedent because the prosecution suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963).

In order for this court to grant a COA, Mr. Robinson must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has rejected Mr. Robinson's constitutional

claims on the merits, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected Mr. Robinson's constitutional claims on procedural grounds, he must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

With regards to those claims presented to Wyoming state courts (either on direct appeal or on post-conviction appeal) and were denied, the district court could not properly issue a writ of habeas corpus unless it found that the state court adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). It is against these standards that we assess the district court's denial of Mr. Robinson's petition.

Having carefully reviewed the district court's analysis of Mr. Robinson's claims on appeal, as well as the entire appendix, we conclude that our standard of review precludes us from arriving at a conclusion different than the district court. We are persuaded that the reasoning of the state courts' conclusions were not

contrary to and did not involve an unreasonable application of clearly established federal law. As such, we conclude that none of Mr. Robinson's claims suffice to make a substantial showing of a denial of a constitutional right. Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge